UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLARENCE GOURDINE,

                              Plaintiff,

                                                             9:15-CV-0101
v.                                                         (LEK/TWD)

ALBERT PRACK; K. KOKTOWSKI,

                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

CLARENCE GOURDINE
86-A-1724
Plaintiff *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN                    NICOLE HAIMSON, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to the undersigned for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Clarence Gourdine alleges that Defendants violated his Fourteenth Amendment right to due process at a Tier III disciplinary hearing conducted while he was an inmate at

Clinton Correctional Facility ("Clinton"), located in Clinton, New York. (Dkt. No. 11.) Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 22.) For the reasons discussed below, the Court recommends that Defendants' motion be granted.

I. **BACKGROUND**

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's claim arose in February 2013, while he was an inmate at Clinton. (Dkt. No. 11.) In early February 2013, a home health aide and social worker, who worked with Plaintiff's mother, opened and read a letter sent to her from Plaintiff. *Id*. at 3.[1] Plaintiff claims that once the two workers "realize[d] I was being release[d] from prison within 60 days," they devised "a plan to stop me from coming home knowing their services would no longer be needed." *Id*. The two workers contacted an "outside agency" in New York City informing the agency that they were "very frightened" when they "read the contents of the letter written by Plaintiff addressed to his mother." *Id*. at 3-4.[2]

On February 11, 2013, the Offender Rehabilitation Coordinator ("ORC") at Clinton received a telephone call from an employee of the outside agency concerning the threatening letter Plaintiff sent to his mother. *Id*. at 3. A copy of the letter was electronically scanned to

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

[2] As described in the inmate misbehavior report issued to Plaintiff, the letter "threatened physical harm to the people that provide personal care" to Plaintiff's mother. (*See* Dkt. No. 11-1 at 11.) More specifically, the letter threatened the care providers with physical harm unless they took Plaintiff's mother to the bank so that she could send Plaintiff $2,500.00. *Id.*

Clinton. *Id*. at 3-4. After reading the letter, the ORC and a sergeant concluded that Plaintiff had violated prison disciplinary rules. *Id*. at 4. The sergeant wrote an inmate misbehavior report charging Plaintiff with "Threats & Attempt Extortion." *Id*. The inmate misbehavior report was reviewed and approved by a lieutenant and forwarded to the superintendent at Clinton, who designated Defendant K. Koktowski ("Koktowski"), to conduct a Tier III disciplinary hearing on February 21, 2013. *Id*.

At the conclusion of the Tier III disciplinary hearing, Defendant Koktowski found Plaintiff guilty of the charges and sentenced Plaintiff to six months confinement in the special housing unit, with a corresponding loss of privileges. *Id*. Defendant Albert Prack ("Prack") affirmed the disciplinary determinations on April 3, 2013. *Id*.

On June 26, 2013, Plaintiff commenced a proceeding against Prack pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") in New York State Supreme Court, Chemung County,[3] challenging the results of the February 21, 2013, Tier III disciplinary hearing. (Dkt. No. 22-3.)[4] There, Plaintiff argued, *inter alia*, that he was denied due process when (1) Koktowski denied Plaintiff the right to call his mother to testify at the hearing and to have access to information deemed to be confidential (a copy of the relevant E-mail and the names of certain individuals), (2) Koktowski found him guilty of all charges, and (3) Prack affirmed the guilty determination. *Id*. at 4-5. Plaintiff requested that the Tier III determination be declared null and void and expunged from his records. *Id*. at 6.

---

[3] Venue of *Matter of Gourdine v. Prack*, Index No. 2929-13, was transferred to Albany County on an unknown date.

[4] Although matters outside of the four corners of a plaintiff's complaint, with attachments, ordinarily may not be considered in ruling upon a dismissal motion, the judicial documents and official court records associated with Plaintiff's Article 78 proceeding, as publically available documents, are properly considered by the Court and entitled to judicial notice in connection with this action. *See* Federal Rules of Evidence 201 and 1005; s*ee also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (citations omitted).

On September 13, 2013, Prack filed an Answer to Plaintiff's Article 78 petition. (Dkt. No. 22-4.) On September 24, 2013, the case was transferred to the Appellate Division, Third Judicial Department pursuant to CPLR 7804(g). (Dkt. No. 22-5.) On December 17, 2013, Plaintiff filed a brief arguing that the statement of evidence relied upon violated the "minimum due process" standards for the Tier III disciplinary hearing, including the right to have his mother testify at the hearing. (Dkt. No. 22-6.) Plaintiff also claimed that the hearing officer relied upon information outside of the record and assumed facts not in evidence. *Id*. On February 21, 2014, Prack filed a brief in opposition, arguing that the inmate misbehavior report, the supporting documents, and the hearing testimony provided substantial evidence to support the Tier III hearing determination. (Dkt. No. 22-7.) Prack further argued that Plaintiff's procedural claims lacked merit because Plaintiff's request for his mother to testify at the hearing was properly denied, the hearing officer did not rely on evidence outside the record, and the statement of evidence was sufficient. *Id*.

By Memorandum and Judgment dated July 24, 2014, the Supreme Court, Appellate Division, Third Judicial Department confirmed the finding of Plaintiff's guilt at the Tier III disciplinary hearing and dismissed Plaintiff's Article 78 petition. (Dkt. No. 11-1 at 35-36.)

## II. PROCEDURAL HISTORY

On December 30, 2014, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Plaintiff filed an Amended Complaint on March 6, 2015, seeking relief against nine Defendants in connection with their involvement with the letter, the February 13, 2013, inmate misbehavior report, the determination of the February 21, 2013, Tier III disciplinary hearing, and his unsuccessful appeal of that determination. (Dkt. No. 11.) Based upon the

foregoing, Plaintiff seeks an award of damages from Defendants, expungement of the disciplinary determinations, and immediate parole release. *Id*. at 6.

By Decision and Order dated April 22, 2015, the Court identified Plaintiff's claim against Defendants Koktowski and Prack as a Fourteenth Amendment due process claim, wherein Plaintiff alleges he was denied the right to call his mother as a witness at the Tier III disciplinary hearing and to have access to information deemed to be confidential. (Dkt. No. 15 at 10-11.) Plaintiff's Fourteenth Amendment due process claim against Defendants Koktowski and Prack survived the Court's initial review. *Id*. at 9-11. The Court *sua sponte* dismissed all other causes of action pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *Id*. at 13-14.[5]

Defendants Koktowski and Prack have now moved to dismiss Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 22) on the grounds that the action is barred by the doctrine of collateral estoppel. (Dkt. 22-1.) Plaintiff has not responded in opposition to Defendants' motion, which is now ripe for determination.[6] For the reasons that follow, the Court recommends that Defendants' motion to dismiss (Dkt. No. 22) be granted and Plaintiff's Amended Complaint (Dkt. No. 11) be dismissed.

### III. LEGAL STANDARD GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6). The motion tests the formal legal sufficiency of the

---

[5] The Court dismissed with prejudice Plaintiff's claims against all Defendants in their official capacities and his claims that Defendants failed to follow New York State Department of Corrections and Community Supervision rules and regulations pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); dismissed with prejudice Plaintiff's claim that he was issued a false and improper inmate misbehavior report pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and dismissed without prejudice Plaintiff's remaining claims for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Dkt. No. 15 at 13-14.) Plaintiff did not file a second amended complaint.

[6] The Court provided notifications to Plaintiff regarding both the due date of his response (Dkt. No. 23) and the consequences of failing to respond. (Dkt. No. 26.) Further, in light of Plaintiff's *pro se* status, the Court *sua sponte* extended Plaintiff's time to file a brief in opposition to Defendants' motion to dismiss. *Id*.

complaint by determining whether it conforms to Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972). Satisfaction of the requirement that a plaintiff "show" that he or she is entitled to relief requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim that is plausible on its face." *Id*. at 570. While Rule 8(a)(2) "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me-accusation." *Iqbal,* 556 U.S. at 678 (citation and internal quotation marks omitted). A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Id*. (citation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A court may also take into account matters of which judicial notice can be taken. Although review is "generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits . . . we may also look to public records, including complaints filed in state court, in deciding a motion to dismiss." *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (internal citations and quotation marks omitted). It is routine for courts to take judicial notice of court documents, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Where a party is proceeding *pro se*, the court is obliged to "read [the *pro se* party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (courts remain obligated to construe *pro se* complaints liberally even after *Twombly*). Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*.

## IV. DISCUSSION

Defendants argue that Plaintiff's Fourteenth Amendment due process claim is barred by the doctrine of collateral estoppel because Plaintiff is attempting to relitigate issues in this Court

7

adversely determined against him in a state court. (Dkt. No. 22-1 at 4-7.) Collateral estoppel, often referred to as issue preclusion, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been decided against that party or its privy. *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007). Dismissal under Rule 12(b)(6) based upon a collateral estoppel defense is appropriate if it is clear from the face of the complaint or the public record that the plaintiff's claim is barred as a matter of law. *Lefkowtiz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344 (S.D.N.Y. 2014); *Conopco, Inc. v. Roll Intern*, 231 F.3d 823, 86-87 (2d Cir. 2000).

Under the Full Faith and Credit Clause of the United States Constitution and the corresponding Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts are required to give preclusive effect to state court judgments where the courts of the state would do so. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Kremer Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *Burgos*, 14 F.3d at 790; *Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir. 1996). This principle applies fully to claims brought pursuant to 42 U.S.C. § 1983. *Migra*, 465 U.S. at 84-85; *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980); *Giakoumelos*, 88 F.3d at 59. Thus, New York law applies when determining what preclusive effect the prior judgment in an Article 78 proceeding has on a § 1983 action in federal court. *See Giakoumelos*, 88 F.3d at 59; *LaFleur v. Whitman*, 300 F.3d 256, 271-72 (2d Cir. 2002).

Under New York law, collateral estoppel bars a party from relitigating an issue that (1) was actually and necessarily decided in a prior proceeding, and (2) that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *McKithen*, 481 F.3d at 105; *Giakoumelos*, 88 F.3d at 59; *Burgos*, 14 F.3d at 792-96. The party asserting issue preclusion bears the burden of showing that the identical issue was previously

decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding. *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995).

Plaintiff's due process claim against Defendants Koktowski and Prack raises issues identical to those previously decided in the Article 78 proceeding. *Compare* Dkt. No. 11 *with* Dkt. No. 22-3. Here, Plaintiff alleges a violation of due process at the February 21, 2013, Tier III disciplinary hearing when he was "wrongfully denied the right to call his mother as a witness at the hearing and to have access to information provided by one or more of Defendants which was deemed confidential." (Dkt. No. 15 at 10-11 citing Dkt. No. 11-1 at 29, 34-36 42.)

Similarly, in his Article 78 petition, Plaintiff challenged the February 21, 2013, Tier III disciplinary hearing, alleging he was not afforded "minimal due process" including the right to have his mother testify at that hearing, to review the original letter and envelope, and to have access to information deemed to be confidential. (Dkt. No. 22-3 at 4-5.) In addition, the petition was construed by the court to raise the question of whether the hearing officer's findings were supported by substantial evidence. (Dkt. No. 11-1 at 35-36.) There, the Third Judicial Department held:

> Petitioner purportedly sent a letter to his mother in which he threatened to harm her caregivers upon his release from prison if they failed to assist her in obtaining money for him. One of the agencies involved in providing that care alerted officials to the letter, and petitioner was thereafter charged in a misbehavior report with violating the prison disciplinary rules prohibiting threats and extortion. Following a tier III disciplinary hearing, he was found guilty as charged. His administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.
>
> We confirm. The misbehavior report, combined with the hearing testimony, confidential materials, the Hearing Officer's comparison of writing samples produced by petitioner's typewriter to the letter in question and the letter itself, provide substantial

9

> evidence to support the determination of guilt (see Matter of Lafferty v Fisher, 61 AD3d 1190, 1191 [2009]; Matter of Patsalos v. Coombe, 228 AD2d 984, 985 [1996]). Contrary to petitioner's argument, he was not improperly deprived of the right to call his mother as a witness inasmuch as her testimony would have been irrelevant to the charges (see Matter of McKinley v. Goord, 47 AD3d 974, 974 [2008]). Petitioner's remaining arguments have been examined and found to lack merit.

*Id*. at 34-35.

It is evident that the arguments now raised in support of Plaintiff's due process challenge to the Tier III disciplinary hearing, i.e., whether his constitutional rights were violated by Defendant Koktowski's failure to permit him the opportunity to call his mother as a witness and to have access to information deemed confidential (a copy of a relevant E-mail and the names of certain individuals), were in fact presented in Plaintiff's Article 78 petition and decided against him. (Dkt. No. 22-3; Dkt No. 11-1 at 34-36.)

In order to forestall the application of collateral estoppel, Plaintiff must establish the absence of a full and fair opportunity to litigate his claim in the prior Article 78 proceeding. *See Ryan*, 62 N.Y.2d at 501. Plaintiff has failed to meet his burden. Here, Plaintiff has not argued that he was denied a full and fair opportunity to litigate his claims in the Article 78 proceeding. In any event, any assertion to the contrary by Plaintiff would be without merit, given that Plaintiff submitted a petition with exhibits, as well as a detailed memorandum of law with exhibits, in support of his position in the Article 78 proceeding. *See, e.g.*, *Fortunatus v. Clinton Cnty., N.Y.*, 937 F. Supp. 2d 320, 332 (N.D.N.Y. 2013) (plaintiff's Article 78 petition, sworn affidavits, exhibits and a memorandum of law in support of plaintiff's claim suggest a full opportunity to litigate).

Finally, although Defendant Koktowski was not a party to Plaintiff's Article 78 proceeding, he is nevertheless entitled to make defensive use of collateral estoppel against

Plaintiff.  *See LaFleur*, 300 F.3d at 274 (collateral estoppel may bar relitigation of an issue even against different defendants, provided the issue in contention was necessary to the result reached in the prior proceeding).

Therefore, the New York State court's determination that Plaintiff's constitutional rights were not abridged during the course of the February 21, 2013, Tier III disciplinary hearing (Dkt. No. 11-1 at 35-36) is entitled to full faith and credit, and Plaintiff's Fourteenth Amendment due process claim against Defendants Koktowski and Prack is barred by the doctrine of collateral estoppel.  Thus, the Court recommends granting Defendant's motion to dismiss with prejudice.

Ordinarily, given Plaintiff's *pro se* status, the Court would recommend Plaintiff be granted leave to amend his Fourteenth Amendment claim prior to an outright dismissal.  *See Cuoco*, 222 F. 3d at 112.  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. (citation omitted).  In this case, the Court finds that amendment would be futile because of the bar imposed by the doctrine of collateral estoppel.  Therefore, the Court recommends dismissing the Complaint with prejudice and without leave to amend.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Amended Complaint (Dkt. No. 22) be **GRANTED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: November 3, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge